```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
LLC SALES INC. d/b/a                                          :
LITELINE USA,                                                 :
                              Plaintiff,                      :    24 Civ. 9853 (LGS)
                                                              :
              -against-                                       :    ORDER
                                                              :
LIVINGSTON                                                    :
INTERNATIONAL, INC.,                                          :
                                                              X
                              Defendant.
-------------------------------------------------------------
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the Complaint states that jurisdiction in this matter arises under 28 U.S.C. § 1332 and alleges that the parties are completely diverse, with Plaintiff a citizen of Delaware and Defendant a citizen of Illinois. Dkt. No. 1.

WHEREAS, the parties acknowledge that "upon further review it appears plaintiff's assertion that defendant was an Illinois corporation was incorrect in the complaint." Dkt. No. 30. Like Plaintiff, Defendant is a citizen of Delaware. Dkt. No. 28.

WHEREAS, "[d]iversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships. Complete diversity requires that all plaintiffs be citizens of states diverse from those of all defendants." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 53 (2d Cir. 2019). Federal courts "have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *Hunter v. McMahon*, 75 F.4th 62, 66 (2d Cir. 2023). When subject matter jurisdiction is lacking, "the district court lacks the power to adjudicate the merits of the case" and must accordingly dismiss the action without prejudice. *Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021).

WHEREAS, Plaintiff and Defendant are both Delaware citizens, destroying diversity.  The Complaint does not state any cause of action implicating federal law.  It is hereby

**ORDERED** that, because the Court lacks federal subject matter jurisdiction, the case is DISMISSED without prejudice to refiling in state court.  *See Jusino v. Fed'n of Cath. Tchrs., Inc.*, 54 F.4th 95, 106 (2d Cir. 2022) ("[D]ismissals for lack of subject-matter jurisdiction must be without prejudice.").  Any pending motions are DENIED as moot, and all conferences are CANCELED.

 The Clerk of Court is respectfully directed to terminate the case.

Dated: April 14, 2025
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**